UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re                                               Case No. 24-12114

Steven Surabian                                     Chapter 13
            Debtor(s)

RESPONSE TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY

The Debtor responds to the motion of American European Insurance Company (hereinafter "American") for relief from the automatic stay as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Denied. American filed a counterclaim against the Debtor in his individual capacity. Further, American alleges claims against the Debtor as a partner in a company called SurTan Manufacturing Company. Both claims could impact the bankruptcy estate and continuing the automatic stay against American is appropriate at this stage of the bankruptcy. The insurance company has consistently attempted to deny Debtor payment of claims they had previously approved and to by subterfuge deny access to necessary witnesses ie former claims adjusters whose testimony would prove Debtor's claims in the underlying lawsuit and disprove the counterclaims of the insurance company.

5. Admitted. The claim as explained by American clearly identifies a claim against the Debtor and the bankruptcy estate. American seeks disgorgement of insurance benefits paid to the Debtor, his brother, and their company. Further, the automatic stay applies to all pre-petition litigation involving a debtor. Whether the Debtor is a plaintiff or defendant in pre-petition litigation has no bearing on the automatic stay. AEIC has consistently obstructed the payment of claims approved as due to the Surabians and their company. The insurance company has acted in bad faith causing substantial financial harm to the Debtor and his fellow plaintiff's/defendants' in counterclaim.

6. Admitted.

7. Admitted.

8. Denied. American, in its own motion for relief, describes a claim against the debtor in his individual capacity. The claim is further explained in American's brief wherein they state there is a counterclaim against the Debtor to disgorge insurance proceeds.

9. Denied. Any judgment against the debtor effects the bankruptcy estate. If the Debtor prevails he and his brother and company are entitled to a primary claim of at least $360,000, which claim could be increased pursuant to chapter 93A. Debtor has not determined if he will request removal of the case to the bankruptcy court. In any case the access of the plaintiffs to the testimony of the former claims adjusters is critical to the fair trial of this matter.

10. Denied. The Debtor's voluntary petition is a legitimate claim for relief. Debor has suffered significant financial loss due to the unfair and deceptive practices of th4e insurance company in failing to pay a claim previously approved by AEIC.

WHEREFORE, the Debtor moves this Honorable Court to Deny the Insurance Company's Motion for Relief from the Automatic Stay, cancel the hearing scheduled for December 4, 2024 and for such further relief as is deemed just and proper.

Date: December 2, 2024

Respectfully submitted,
Through counsel,

*/s/Peter Daigle*
Peter Daigle (BBO#
DAIGLE LAW OFFICE
1550 Falmouth Road, #10
Centerville, MA 02632
Tel: (508) 771-7444
Email: pdaigle@daiglelawoffice.com

CERTIFICATE OF SERVICE

       I, Peter Daigle, counsel for the above-named Debtor, certify that on December 2, 2024, a true and accurate copy of the foregoing was served on the following parties via first class mail, postage pre-paid or electronically.

By electronic mail using Court's CM/ECF system:

Richard King, Office of the United States Trustee
Carolyn Bankowski, Chapter 13 Trustee
Nora R. Adukonis, attorney for American European Insurance Company

By email:

Steven Surabian

                                                */s/ Peter Daigle*