UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 13 |
|  | ) | Case No. 24-12114-CJP |
| STEVEN SURABIAN, | ) |  |
|  | ) |  |
| Debtor | ) |  |
|  | ) |  |

## ORDER ON MOTION FOR RELIEF FROM AUTOMATIC STAY

The *Motion for Order Automatic Stay Does Not Apply to Claims Brought by Debtor and Co-Plaintiffs in an Action in Barnstable Superior Court, and for Relief from Stay as to the Sole Counterclaim Brought Against Debtor in That Suit* [ECF No. 9] (the "Motion"), the *Memorandum of Points and Authorities in Support* [ECF No. 10], and the *Affidavit of Nora R. Dukonis in Support* [ECF No. 11] of American European Insurance Company (the "Movant") and having been joined by George A. Butler Adjusters and Paul Battaglino (the "Joined Party")[1], having come before the Court for hearing on December 18, 2024 (the "Hearing"); due notice appearing to have been given; the debtor in the above-captioned chapter 13 proceeding, Steven Surabian (the "Debtor"), having filed an objection [ECF No. 39] (the "Objection"); the Chapter 13 Trustee having filed a response to the Motion indicating no opposition [ECF No. 18]; upon consideration of the Motion, the Objection, all pleadings that have been filed in this case, and the arguments of the parties at the Hearing; the Objection having been overruled at the Hearing; and good cause appearing for the relief requested, for the reasons stated on the record at the Hearing, it is hereby ORDERED that:

---

[1] The Joined Party filed a motion for joinder [ECF No. 27] (the "Joinder Request"), the Chapter 13 Trustee filed a response indicating no opposition [ECF No. 28], and the Court granted the Joinder Request [ECF No. 41].

1) The automatic stay provisions of 11 U.S.C. § 362 do not bar the adjudication and trial of claims advanced by the Debtor and non-debtor parties (the "Joint Plaintiffs") as plaintiffs in the state court case styled *SurTan Manufacturing Co. v. American European Insurance Company et al.* (the "State Court Case").

2) Subject to paragraph 4 below, the Movant is granted limited relief from the automatic stay provisions of 11 U.S.C. § 362(a) to litigate its counterclaims against the Debtor and Joint Plaintiffs in the State Court Case, as more particularly described in the Motion, until entry of a final judgment.

3) Subject to paragraph 4 below, the Joined Party is granted relief from the automatic stay provisions of 11 U.S.C. § 362(a) to pursue its motions for assessment of attorneys' fees and costs, as more particularly described in the Joinder Request.

4) Nothing in this Order shall be deemed to grant the Movant or the Joined Party relief from the automatic stay to attach, levy, or take any other action to collect monetary damages from the Debtor or property of the estate without further Order from this Court, including but not limited to requesting or acting on any pre-judgment or post-judgment attachment and/or execution.

5) In accordance with Fed. R. Bankr. P. 4001(a)(3) and for the reasons stated on the record at the Hearing, this Order is stayed through and including February 17, 2025.

Dated: December 19, 2024

By the Court,

_____
Christopher J. Panos
United States Bankruptcy Judge