# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MASSACHUSETTS - BOSTON

```
==============================
IN THE MATTER OF:              .   Case #24-12114
                               .
STEVEN SURABIAN,               .   Boston, Massachusetts
                               .   December 18, 2024
                   Debtor.     .   1:10 P.M.
==============================
```

### TRANSCRIPT OF TELEPHONIC HEARING ON [#9] MOTION
### FILED BY CREDITOR AMERICAN EUROPEAN INSURANCE COMPANY
### FOR RELIEF FROM STAY (NORA ADUKONIS);
### [18] RESPONSE FILED BY CHAPTER 13 TRUSTEE (CAROLYN BANKOWSKI) ;
### [39] OPPOSITION FILED BY DEBTOR (PETER DAIGLE)
### BEFORE THE HONORABLE CHRISTOPHER J. PANOS, J.U.S.B.C.


**APPEARANCES:**

| | |
|---|---|
| The Chapter 13 Trustee: | CAROLYN BANKOWSKI, ESQ<br>Chapter 13-12 Trustee Boston<br>P.O. Box 8250<br>Boston, Massachusetts 02114 |
| For American European Insurance Company: | NORA R. ADUKONIS, ESQ.<br>Litchfield Cavo, LLP<br>6 Kimball Lane<br>Suite 200<br>Lynnfield, MA 01940 |
| For the Debtor: | PETER M. DAIGLE, ESQ.<br>VICKI MITCHELL, ESQ.<br>The Law Office of Peter M. Daigle, P.C.<br>1550 Falmouth Road<br>Suite 10<br>Centerville, MA 02632 |

Electronic Sound Recording Operator:  Lisa Belanger

Proceedings Recorded by FTR Gold Digital Recording
Transcript Produced by Certified Transcription Service

---

## CASCADE HILLS TRANSCRIPTION, INC.
**5001 Woodland Hills Drive, Eagle, Nebraska 68347**
**(503) 871-5566 ~ Email: hagerruthann@aol.com**

**APPEARANCES (Continued):**

For the Surabians:                    RAYMOND H. TOMLINSON, JR., ESQ.
                                      Tomlinson | Law
                                      76 Tupper Road
                                      Suite 11
                                      Sandwich, MA 02563

Electronic Sound Recording Operator:   Lisa Belanger

Proceedings Recorded by FTR Gold Digital Recording
Transcript Produced by Certified Transcription Service

**CASCADE HILLS TRANSCRIPTION, INC.**
**5001 Woodland Hills Drive, Eagle, Nebraska 68347**
**(503) 871-5566 ~ Email: hagerruthann@aol.com**

1  (1:11 p.m.)

2          THE CLERK:  Calling case #24-12114, Steven Surabian.

3          This is a telephonic hearing on docket #9, motion

4  filed by the creditor American European Insurance Company for

5  relief from stay.

6          Will the parties please state their names for the

7  record, starting with the Chapter 13 Trustee?

8          MS. BANKOWSKI:  Carolyn Bankowski, Chapter 13

9  Trustee.

10          THE CLERK:  Counsel to American European Insurance

11  Company.

12          MS. ADUKONIS:  Nora Adukonis, counsel for American

13  European.

14          THE CLERK:  And counsel to the debtor?

15          MS. MITCHELL:  Vicki Mitchell --

16          (Background noise, phone ringing.)

17          MS. MITCHELL:  -- on behalf of the debtor.

18          THE CLERK:  I just ask the parties, if you're not

19  speaking to please mute your phones.  Thank you.

20          THE COURT:  So let me ask you, Ms. Adukonis.  What

21  exactly is being sought in the state court as it relates to

22  the debtor?  Why is the debtor a necessary party there?  Are

23  you simply trying to establish an amount for a proof of claim

24  in this bankruptcy case as against the debtor?  And just the

25  issue of disgorgement, who would that be levied against?

1    MS. ADUKONIS:  So this was a business policy.  It

2  was issued to Sur Tan Manufacturing Company, which is an

3  unincorporated partnership.  It's -- our claim for

4  disgorgement is against the entity, Truly, that was the

5  insured, which is, we're told, the partnership.

6         So to the extent that Mr. Surabian is -- is a

7  partner and needs to be named under state law, state

8  procedure, given that it's not an incorporated entity, the

9  action is against -- or our counterclaim, actually, in that

10  action is placed against him as well as his brother, Richard

11  Surabian, and the partnership.

12         But generally, it's not to the extent that we are

13  seeking anything from him if there was a judgment entered on

14  the counterclaim.  As the Trustee indicated in her filing in

15  response, of course, we would be willing to say that it --

16  there would be no execution on any such judgment in order to

17  preserve the bankruptcy estate.  He is not the only party from

18  whom the disgorgement is sought, at any rate.

19         THE COURT:  So Mr. Daigle, if they're establishing

20  liability as against the partnership and then, consequently,

21  if he is a general partner of a partnership that results in

22  liability but they are agreeing that they will go no further

23  than obtaining a judgment that would be the basis of a proof

24  of claim in this case and they're not going to levy on any

25  property of the estate, why shouldn't they have relief from

1   stay under the *Sonex* factors?

2           MS. MITCHELL:  Well, Your Honor, I would posit that

3   this claim of the debtor is, in fact, ultimately his largest

4   asset if it is ultimately determined.  And this -- while this

5   is a longstanding case where the insurance company is denied

6   coverage, they are also alleging, you know, as part of their

7   counterclaim that there is -- they're asking for sanctions

8   under Rule -- my understanding is from under 231:6F and Rule

9   11 in the state court, as well as the cross claim in which

10  they're alleging policyholder fraud as a result of a third

11  party, who changed the mortgage holder on the policy and

12  resulted in the mortgage holder not being, you know, the

13  correct party notice.

14          The Surabians are, in that case, represented by Ray

15  Tomlinson in Sandwich and, you know, he has indicated to me

16  that there are major issues remaining in -- being prepared for

17  that case to move forward in which he alleges that American

18  European Insurance Company through counsel has been blocking

19  his access to witnesses, which needed to be deposed and

20  brought forward for that trial that they have tampered with

21  witnesses, that there is, in fact, pending in Pennsylvania,

22  under the co-defendant -- the co-plaintiff, Richard Surabian's

23  name, at this point, because the court had a similar motion in

24  the -- in Mr. Surabian's  -- Surabian -- the debtor's name, at

25  the time of filing and refused to move forward because of the

1  automatic stay to preserve -- to depose those witnesses and

2  preserve the testimony.

3       These are prior claims adjusters formally for

4  American European who now work for another company.  And

5  the -- what I understand as an issue for my client, as well as

6  for, you know, trial counsel on the underlying state case is

7  that we are asking for the stay not to be lifted unless and

8  until the Pennsylvania court rules on the petition for

9  deposition and/or that the Court would continue the stay for

10 at least, and have another hearing, additional 30 to 60 days

11 to allow the Surabians to assess and Attorney Tomlinson to

12 assess whether he wants to remove the case to the federal

13 court in order to make these witnesses available through the

14 federal court system since they are out-of-state witnesses.

15       So that's -- that is where we are with --

16       THE COURT:  When you say --

17       MS. MITCHELL:  -- that and I indicate --

18       THE COURT:  -- with -- I'm sorry for interrupting.

19 When you say --

20       MS. MITCHELL:  Sure.

21       THE COURT:  -- removing to the federal court, you

22 mean under the removal powers in the bankruptcy case?

23       MS. MITCHELL:  Yes.

24       THE COURT:  And these are claims -- these are

25 covered -- this is a coverage dispute relating this

1  partnership?

2         MS. MITCHELL:  Yes.

3         THE COURT:  So almost everything you just said leads

4  me to be inclined that relief should be granted to continue to

5  attempt to liquidate both the claims of this partnership and

6  any counterclaims in the state court with a limitation on the

7  ability -- to the extent that there were ever some judgment on

8  a counterclaim, obviously, that would just result in a proof

9  of claim in this case.

10         I mean, I do hear you that perhaps 30 days as a

11  period for the debtor to get its duck in line or, you know,

12  whatever it needs to do might make some sense, but I have a

13  strong inclination that this is not the kind of case it

14  involves -- it involves another partner of the partnership.

15  It involves a partnership.  It involves an insurance policy

16  that was procured by a partnership in which the debtor's a

17  partner, but not the sole partner.

18         There's a lot pointing to having this litigated

19  outside the Bankruptcy Court to determine, you know, various

20  rights, including the claims that might benefit the estate or

21  the amount of a proof of claim that could be filed in the

22  bankruptcy case.

23         MS. MITCHELL:  Um-hum.

24         MR. TOMLINSON:  Your Honor, this is Attorney

25  Tomlinson.  I represent the debtor in the state court

1    litigation.  Might I weigh in just or a moment?

2              THE COURT:  Sure.

3              MR. TOMLINSON:  Thank you.  One of the issues that

4    we -- that we have in this case is that, as Attorney Mitchell

5    mentioned, we have witnesses that are outside the jurisdiction

6    of the Commonwealth of Mass and they are located in

7    Pennsylvania.

8              And previously, the Massachusetts court had issued

9    letters rogatory for depositions to go forward of those

10   people.  And while there was agreement of counsel to take

11   those depositions, it now appears that the witnesses and,

12   although they were willing to appear voluntarily, are not.

13   And those witnesses are seminal to the -- all of the claims

14   and defenses of all of the parties in the case.

15             For example, the motion for sanctions under General

16   Laws Chapter 231:6F, that's brought by the insurance company's

17   outside adjuster.  And I had prepared and filed, in the state

18   court action, an affidavit pursuant to Rule 56(f) to take

19   those depositions and the court said, let's hold on those

20   until we see how we rule on -- on the motion, and ultimately

21   granted the summary judgment.  So I could not move forward and

22   take those depositions, even though the insurance company's

23   counsel, who's present here today, had agreed to voluntarily

24   make them available and even offered her office in

25   Philadelphia for the convenience of the parties and the

1  witnesses.

2      However, it appears now that they are undertaking

3  every effort to block that testimony because it is clear that

4  those witnesses will testify that not only was the outside

5  adjuster tasked with investigating claims, he did not do so

6  and that is why the insurance company did not pay the claims.

7      So interestingly enough, this is not so much a

8  coverage dispute, okay, because it really goes to the issue of

9  whether or not the insurance company -- obviously bankruptcies

10  are filed right up until the time of trial and even during and

11  after trial and that, in and of itself, is not cause.

12      But there's -- if you look at the insurance

13  company's motion, and I'll leave for a further discussion

14  about the sanctions motion that's joined therewith, that

15  the -- it seems to me that the insurance company that -- that

16  a further evidentiary hearing is necessary to establish

17  whether or not there's actual cause.

18      There are lots of legal argument and speculation by

19  counsel as to policyholder fraud and otherwise, but I'm not

20  aware of any actual evidence of that.  And these two witnesses

21  are essential to testimony about that fraud and we can't -- we

22  can't compel or take their depositions en masse, so the trial

23  cannot go forward.  I -- that's why the --

24      THE COURT:  But tell me why --

25      MR. TOMLINSON:  -- the debtor is looking --

```
 1              THE COURT:  Why --

 2              MS. ADUKONIS:  Your --

 3              THE COURT:  Why you can't --

 4              MS. ADUKONIS:  Your Honor?

 5              THE COURT:  Wait.  Just let me -- let me ask

 6    Mr. Tomlinson.

 7              MR. TOMLINSON:  Yes, Your Honor.

 8              THE COURT:  Why, again, can't the state court -- the

 9    state court issued letters rogatory, but then declined --

10              MR. TOMLINSON:  Yes.

11              THE COURT:  -- to allow the depositions to occur

12    because the state court issued summary judgment against --

13              MS. ADUKONIS:  Your Honor?

14              THE COURT:  -- the partnership?

15              MR. TOMLINSON:  No.

16              MS. ADUKONIS:  I'm sorry.

17              MR. TOMLINSON:  I'm sorry.

18              MS. ADUKONIS:  Your Honor?

19              MR. TOMLINSON:  I'm sorry.  Attorney Adukonis, if I

20    may answer the judge's question first.

21              The letters rogatory were issued by the court and

22    never revoked.  Despite multiple opportunity for American

23    European to seek revocation, they never did.  It was an

24    offhanded comment by the judge about whether or not those

25    depositions should go forward.
```

1      And then during oral argument on the 231:6F motion

2  for sanctions, which followed the grant of summary judgment,

3  he also acknowledged that, gee, maybe I need to go back.  He

4  never considered my Rule 56 affidavit, even though it was

5  submitted as a cross motion, and suggested that he needed to

6  go back and look at the summary judgment record and look at

7  that affidavit to see whether or not that the 56(f) -- the

8  Rule 56 affidavit, which sought, Your Honor, to complete those

9  depositions because there was agreement to do so.

10      And so I would suggest to Your Honor that while it

11  may be appropriate to split the baby in this regard, in other

12  words, send Butler Adjusters' motion for sanctions back to the

13  trial court for them to -- because it's under consideration --

14  to issue their decision, right?  And then that would -- for

15  that limited purpose.  That would allow Butler Adjusters the

16  ability to be able to have a liquidated claim, if any, and

17  file proof of that claim.

18      Likewise, the insurance company, nothing prevents

19  them from filing a proof of claim.  They know how much money

20  they paid and they seek to be disgorged to -- to be disgorged,

21  even though the policy does not provide for disgorgement, Your

22  Honor.  So they could provide -- file a proof of claim.  There

23  really isn't any rush to go back to the state court where we

24  wouldn't have a complete trial and actually resolve these

25  issues.

1       It actually makes more sense for all of these claims
2   to be decided in the Bankruptcy Court because of they're
3   factual intertwinement.  And these witnesses are essential to,
4   quite honestly, the insurance company carrying its burden at
5   an evidentiary hearing as to cause.  So we strongly and hotly
6   dispute whether or not there's actual cause to send this back
7   to the state court.

8       And I would suggest to you that the debtor would be
9   agreeable to having the motion for sanctions returned to the
10  state court just for a decision with the understanding that
11  there would be no execution and it would be a stay under 362
12  for any appeal, but that the depositions go forward and this
13  court defer, at least at this time, for, you know, a few
14  months ruling on the relief from stay as to the insurance
15  company because the whole purpose of this Chapter 13 filing is
16  because the debtor needs breathing room and this is -- this is
17  an effort by the insurance company and its outside adjuster to
18  double down.  The defense -- the debtor has been indigent for
19  a very long time and has been trying to stay alive in this
20  case.

21      I am the single biggest creditor and so if this case
22  goes back to the state court, I'm going to have to seek an
23  application for payment and otherwise.  And I just filed my
24  proof of claim.  They wouldn't be able to even be represented.
25      So in that respect, in order to mark the debtor's

1   limited resources, in my view, it -- it's actually more

2   beneficial to the estate to defer a decision on the motion for

3   relief from stay as to the insurance company until we can have

4   the -- conclude these depositions and better answer the

5   questions that go to the nature of their claim.

6          Nothing stops them from filing their proof of claim

7   and amending it later, but we're -- the debtor is in real

8   tough financial shape right now and they're not even a

9   partnership.  I mean, I -- we're using they're an

10  unincorporated association, at best.  The use of the term

11  "partnership" is not legally correct.  They are both

12  individuals doing business as Sur Tan Manufacturing.

13          Thank you, Your Honor.

14      MS. ADUKONIS:  Your Honor, if I may get a word in

15  edgewise, please?

16          The reason that Mr. Tomlinson and the debtor have

17  not proceeded within state court to try to seek discovery is

18  they haven't filed a motion to reopen discovery.  We have been

19  in a state of continual emergency stay since -- or continual

20  emergency continuance until the stay since about last year at

21  this time when discovery closed.

22          Mr. Tomlinson had the opportunity for months and

23  years to move and have the state court determine, as is within

24  its discretion and its sole jurisdiction, that discovery

25  should be reopened.  And this is after it issued an order

finally closing discovery on October -- or October 15th of

2023.  This case has been open in the state court since 2018.

MR. TOMLINSON:  Your Honor, if I can --

MS. ADUKONIS:  There has been numerous opportunities

for the court, within its jurisdiction, to manage its docket

and it seems to me here that what Mr. Tomlinson is getting at

is that he would like the Bankruptcy Court to do something

that he is not confident that he can get from the Superior

Court, which is to reopen discovery on a case that has been

ready for trial for months and months and months and has been

pending for years and years.

And he has tried in many other courts to try to get

relief from the Barnstable Superior Court's management of its

own docket.  When discovery closed, and only after discovery

closed, he took his letters rogatory down to Pennsylvania and

tried to take depositions.  And, at that point, as is

required, we moved to quash in the state where the depositions

were sought and the witnesses were sought to appear.  That was

only after -- many months after, in fact, the first

continuance of trial.

This is a case where we have finally, finally -- or

had finally, finally received a set trial date and an order

for no more continuances as a result of the hearing that took

place on August 18, 2023.  That August 18, 2023 hearing set a

short timeline for completion of discovery.  Mr. Tomlinson was

1  to complete those depositions out of state by October 15th.

2  He did not.

3          That initial trial was set for January of last year

4  and the first emergency continuance was sought in, I believe,

5  December.  After January of last year, there was another

6  emergency continuance sought to June.  In June another

7  emergency continuance was sought and it was granted and that

8  took us to November.  Mere days before the final trial

9  conference, that is when the debtor filed its bankruptcy

10 petition.

11         And all of a sudden, Mr. Tomlinson comes in without

12 an appearance in this case to explain that this is really --

13 that this can really only be solved by his getting the very

14 discovery that he has failed to move for in the 18 months he

15 has been delaying trial and I believe that that is blatantly

16 inappropriate.  One does not file bankruptcy because we're

17 unhappy with the state court management of its docket.

18         MR. TOMLINSON:  Your Honor, may I respond briefly?

19         THE COURT:  Briefly.

20         MR. TOMLINSON:  Thank you.  While I can appreciate

21 Attorney Adukonis's view of the landscape, it's important that

22 this Court understand that I sought letters rogatory from the

23 court more than two years before I attempted to take the

24 depositions and that by agreement of counsel, we would

25 conclude the depositions of the debtor and his brother first

1    to establish whether or not there was actually any factual

2    basis for the very counterclaims asserted by the insurance

3    company, because if there were not factual -- if there was no

4    actual factual evidence to support those counterclaims or if

5    there was -- better yet, if there was evidence of that, then

6    the policyholder fraud would void the policy *ab initio* and my

7    client could not bring any claims.

8         So my client, in the interest of efficiency, allowed

9    his depositions to -- sorry -- the debtor and his brother

10   allowed their depositions to go forward first.  The agreement

11   was after that the depositions of American European's people

12   would be taken.

13        I'd note for Your Honor that Stan Salwach, a former

14   adjuster of American European, spoke with me on the telephone.

15   He voluntarily -- he was willingly ready to appear.  Attorney

16   Adukonis was going to make her office available.  And then

17   when the cases were consolidated and it was learned through my

18   affidavit what he was going to testify at the hearing on the

19   motion to consolidate where Flagship was brought in, the court

20   ordered that Flagship, not me -- that Flagship could take six

21   depositions and it was reported to the court that two of the

22   most seminal depositions were American European's people.

23        However, Flagship's counsel and Attorney Adukonis

24   then decided that they weren't going to make that witness

25   available and they weren't going to notice the deposition.

And when I asked, "When are we going to hold that deposition?"
because we had taken the other depositions as agreed, they
said, "No." So I had no choice, because these witnesses are
outside the jurisdiction of the court and there is no
management of the court's discovery that is going to permit me
to take those depositions and Attorney Adukonis never revoked
the letters rogatory.

So I -- my -- not I. Excuse me. The debtor hired
counsel in Pennsylvania to bring suit to notice those
depositions and then magically, the insurance company's
attorney, Adukonis, is now appearing for that witness.

The insurance company is not a defendant in that
case. It is the debtor and his brother against -- versus Stan
Salwach to take his deposition to see if, in fact, there is
testimony to be garnered that the insurance company's
attorneys were involved in (1) investigating the claim and not
paying it and (2) involved in not making those witnesses
available and that is exclusively outside the jurisdiction of
the Massachusetts court. And a hearing on that case, a case
management conference, is scheduled for the end of this month.

And so I would suggest to Your Honor that taking
action today, when American European hasn't actually proffered
any evidence that would carry its burden as to cause, but it's
pure speculation about discovery deadlines and otherwise,
there's no rush. They can file their proof of claim. I'm

1  simply asking this Court to defer taking action on that motion

2  for relief from the stay because the debtor can't afford to

3  resume action in the state court.

4         If all the state court is going to do, is issue a

5  decision on the motion for sanctions that would permit Butler,

6  as discussed, to file its proof of claim, then I don't have an

7  objection to that and I'm sure the debtor's counsel doesn't

8  have an objection to that.

9         However, the whole -- very purpose that the debtor

10 filed bankruptcy was to afford breathing room because it

11 cannot afford (1) the $240,000 claim -- debt that it owes me

12 and I now have a conflict of interest and can't represent

13 them.  So this case, what, goes back to the state court and

14 then they've got to -- it's going to sit there for six months

15 while they find new counsel?

16        It is a most efficient use of everyone's resources

17 if this case -- if the decision is simply deferred for a few

18 months until the very depositions at issue that are in

19 Pennsylvania that are exclusive to the Pennsylvania court,

20 they can decide whether or not they go forward.

21        Thank you, Your Honor.

22        THE COURT:  So listen.  This type of motion for

23 relief from stay under 362(d)(1) for cause is evaluated in the

24 First Circuit.  And the First Circuit has -- has indicated

25 that the factors articulated in a -- I think it's the Second

1  Circuit case called *Sonex* are the appropriate factors or can

2  be the appropriate factors to be considered and they include a

3  lot of things.

4         One is the comity with the state court, the length

5  of the proceeding in the state court, whether the state court

6  is nearing a resolution, whether there are lots of issues and

7  whether this is the type of case that -- you know, what the

8  effect on the debtor's estate would be and the relative

9  prejudice.

10        What sways me in this case is really what -- it's

11  not just the claim against the debtor that would be

12  liquidated, and that would have to be liquidated in one of two

13  places and it would be the same litigation presumably, but

14  there's this claim by an insured for coverage or, you know --

15  or a failure to properly settle a case or whatever it is, and

16  that's from a, you know -- an unincorporated association,

17  which often is treated as a partnership, and that would result

18  presumably in a recovery, a portion of which would be

19  attributable to this debtor and would enhance the estate and

20  provide an opportunity for the debtor to propose a Chapter 13

21  plan.

22        But the prospect of that case being removed and not

23  remanded where it involves claims of non-debtor third parties

24  against this insurance company or other people, you know,

25  seemed to be inefficient from a judicial standpoint.  And the

1  fact that the debtor can't afford to proceed with litigation,

2  yeah, I'm not sure how that cuts because they're going to have

3  to litigate the claim in this case, even if it were litigated

4  here, and they're going to have to pursue the claim in state

5  court presumably if they prevail.

6  And I understand that the object here is to conduct

7  these depositions, get some evidence and then it's worthwhile

8  pursuing the claim and so it's a staging.  But it strikes me

9  that the selection of, you know, the possibility of a removal

10 to assist in that process, as opposed to continuing with the

11 state court litigation, it -- even though I understand that

12 the debtor strategically would have a benefit, that overall

13 the prejudice to the parties that have been litigating this

14 weighs in favor of the insurance company.

15 And the prospect that this case would be tried here

16 seems far -- you know, farfetched that we would pursue, in

17 this court, on removal a claim by an unincorporated

18 association against its insurer where the state court has

19 dedicated, apparently, a lot of time to this litigation and

20 has progressed and there are procedural mechanisms that have

21 been employed and deadlines that have passed.

22 So I am sympathetic to a breathing period and so I

23 am going to grant limited relief from the automatic stay.  It

24 will allow the claims to proceed in state court to liquidate

25 the claim, as I understand it.  I mean, certainly no relief

from stay is necessary for the debtor to proceed as a -- you

know, a member or partner of this unincorporated association

to pursue its claim against the insurance company.

And I'm going to grant limited relief from stay to

allow the insurance company to pursue whatever its

counterclaims are to the extent of establishing a judgment

amount that would be reflected in an amended proof of claim or

a proof of claim. And I will stay -- the Rules stay my order

granting relief from stay for 14 days. Given the holidays and

the issue of breathing period, I'm going to stay my order

granting relief from stay for 60 days. So in 60 days, the

litigation can proceed in the state court. And with that --

ATTORNEYS: Thank you, Your Honor.

MR. TOMLINSON: Sorry, Your Honor. I was confused.

First you said 14 days and then 60 days. You're going to

delay issuing the order for 14 days and then there will be a

60-day stay?

THE COURT: No. Under the Bankruptcy Rules, an

order granting relief from stay is automatically stayed for 14

days. I am going to extend that 14-day stay to be a 60-day

stay.

MR. TOMLINSON: Thank you for the clarification.

THE COURT: Okay.

MS. ADUKONIS: Thank you.

THE COURT: We're adjourned. Thank you.

1        MR. TOMLINSON:   Thank you.

2        MS. ADUKONIS:   Thank you.

3  (End at 1:39 a.m.)

4                    *  *  *  *  *  *

5        I certify that the foregoing is a true and accurate

6  transcript from the digitally sound-recorded record of the

7  proceedings.

*Ruth Ann Hager*

_____        1/30/2025

**RUTH ANN HAGER**
**Certified Transcriber**
      **Federal C.E.R.T. **D-641**
**CASCADE HILLS TRANSCRIPTION, INC.**
5001 Woodland Hills Drive
Eagle, Nebraska 68347
(503) 871-5566
Email:  hagerruthann@aol.com