*OLF3 (Official Local Form 3)*
*Effective December 1, 2017*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

In re: Steven Surabian

Debtor(s)

Case No.: 24-12114
Chapter 13

## CHAPTER 13 PLAN

*Check one.* This plan is:

- ☐ Original
- ☑ FIRST AMENDED
- ☐ Postconfirmation *(Date Order Confirming Plan Was Entered: _____)*

Date this plan was filed: 2/18/2025

### PART 1: NOTICES

**TO ALL INTERESTED PARTIES:**
You should review carefully the provisions of this Plan as your rights may be affected. In the event the Court enters an order confirming this Plan, its provisions may be binding upon you. The provisions of this Plan are governed by statutes and rules of procedure, including Title 11 of the United States Code (the "Bankruptcy Code"), the Federal Rules of Bankruptcy Procedure ("Fed. R. Bankr. P."), the Massachusetts Local Bankruptcy Rules ("MLBR"), and, in particular, the Chapter 13 rules set forth in Appendix 1 of MLBR, all of which you should consult.

**TO CREDITORS:**
Your rights may be affected by this Plan. Your claim may be reduced, modified, or eliminated. Read this Plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult with one. If you oppose this Plan's treatment of your claim or any other provision of this Plan, you or your attorney **must** file with the Court an objection to confirmation on or before the later of (i) thirty (30) days after the date on which the first Meeting of Creditors pursuant to 11 U.S.C. § 341 is held or (ii) thirty (30) days after service of an amended or modified Plan, unless the Court orders otherwise. A copy of your objection must be served on the Debtor(s), the attorney for the Debtor(s), and the Chapter 13 Trustee (the "Trustee"). The Bankruptcy Court may confirm this Plan if no objection to confirmation is filed or if it overrules an objection to confirmation. You have received or will receive a Notice of Chapter 13 Bankruptcy Case from the Bankruptcy Court which sets forth certain deadlines, including the bar date for filing a Proof of Claim. **To receive a distribution, you must file a Proof of Claim.**

**TO DEBTOR(S):**
You (or your attorney) are required to serve a copy of this Plan on all creditors in the manner required under the Bankruptcy Code, the Fed. R. Bankr. P., and MLBR. Unless the Court orders otherwise, you must commence making payments not later than the earlier of (i) thirty (30) days after the date of the filing of this Plan or (ii) thirty (30) days after the order for relief. **You must check a box on each line below to state whether or not this Plan includes one or more of the following provisions. If you check the provision "Not Included," if you check both boxes, or if you do not check a box, any of the following provisions will be void if set forth later in this Plan. Failure to properly complete this section may result in denial of confirmation of this Plan.**

**FOR EACH LINE BELOW, DO NOT CHECK BOTH BOXES; DO NOT LEAVE BOTH BOXES BLANK.**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Part 3.B.1, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Part 3.B(3). | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8. | ☑ Included | ☐ Not Included |

### PART 2: PLAN LENGTH AND PAYMENTS

**A. LENGTH OF PLAN:**

- ☐ 36 Months. 11 U.S.C. § 1325(b)(4)(A)(i);
- ☐ 60 Months. 11 U.S.C. § 1325(b)(4)(A)(ii);
- ☑ 60 Months. 11 U.S.C. § 1322(d)(2). The Debtor(s) states the following cause:

STATEMENT OF CAUSE PURSUANT TO 11 U.S.C. 1322(d): The Chapter 13 plan must be longer than thirty-six (36) months because Debtor's available income is insufficient to complete the plan in less time than stated above under the Terms of the Plan.

**B. PROPOSED MONTHLY PAYMENTS:**

| Monthly Payment Amount | Number of Months |
|---|---|
| 65.00 | 57 |
| 99.67 | 3 |

**C.     ADDITIONAL PAYMENTS:**

*Check one.*

☑  **None.** *If "None" is checked, the rest of Part 2.C need not be completed and may be deleted from this Plan.*

**The total amount of Payments to the Trustee [B+C]:**                                $4,004.01.
*This amount must be sufficient to pay the total cost of this Plan in Exhibit 1, Line h.*

| PART 3: | SECURED CLAIMS |
|---|---|

☑  **None.** *If "None" is checked, the rest of Part 3 need not be completed and may be deleted from this Plan.*

| PART 4: | PRIORITY CLAIMS |
|---|---|

*Check one*

☐  **None.** *If "None" is checked, the rest of Part 4 need not be completed and may be deleted from this Plan.*

☑  **The following priority claim(s) will be paid in full without postpetition interest. Unless the Court orders otherwise, the amount of the priority portion of a filed and allowed Proof of Claim controls over any contrary amount listed below.**

**A.     DOMESTIC SUPPORT OBLIGATIONS:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**B.     OTHER PRIORITY CLAIMS (Except Administrative Expenses):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| Internal Revenue Service | Estimated 2023 Tax Liability | $100.00 |
| Mass. Dept. of Revenue | Sales & Use Tax Liability | $3,465.98 |

**Total of Priority Claim(s) (except Administrative Expenses) to be paid through this Plan: $3,565.98**

**C.     ADMINISTRATIVE EXPENSES:**

   **(1) ATTORNEY'S FEES:**

| Name of Attorney | Attorney's Fees |
|---|---|
| -NONE- | |

If the attorney's fees exceed the amount set forth in MLBR, Appendix 1, Rule 13-7, the Trustee may not pay any amount exceeding that sum until such time as the Court approves a fee application. If no fee application is approved, any plan payments allocated to attorney's fees in excess of MLBR Appendix 1, Rule 13-7 will be disbursed to other creditors up to a 100% dividend.

   **(2) OTHER** *(Describe)***:**

-NONE-

**Total Administrative Expenses (excluding the Trustee's Commission) to be paid through this Plan [(1) + (2)]: $0.00**

   **(3) TRUSTEE'S COMMISSION:**

The Debtor shall pay the Trustee's commission as calculated in Exhibit 1.

The Chapter 13 Trustee's fee is determined by the United States Attorney General. The calculation of the Plan payment set forth in Exhibit 1, Line (h) utilizes a 10% Trustee's commission. In the event the Trustee's commission is less than 10%, the additional funds collected by the Trustee, after payment of any allowed secured and priority claim(s), and administrative expense(s) as provided for in this Plan, shall be disbursed to nonpriority unsecured creditors up to 100% of the allowed claims.

| PART 5: | NON PRIORITY UNSECURED CLAIMS |

*Check one.*

☐ **None.** *If "None" is checked, the rest of Part 5 need not be completed and may be deleted from this Plan.*
☑ **Any allowed nonpriority unsecured claim(s) other than those set forth in Part 5.F will be paid as stated below. Only a creditor holding an allowed claim is entitled to a distribution.**

☑ Fixed Amount ("Pot Plan"): each creditor with an allowed claim shall receive a pro rata share of $ _37.62_ , which the Debtor(s) estimates will provide a dividend of _0_ %.
☐ Fixed Percentage: each creditor with an allowed claim shall receive no less than __% of its allowed claim.

**A.   GENERAL UNSECURED CLAIMS:**                                        $506,176.74

**B.   UNSECURED OR UNDERSECURED CLAIMS AFTER MODIFICATION IN PART 3.B OR 3.C:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**C.   NONDISCHARGEABLE UNSECURED CLAIMS (*e.g., student loans*):**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| None | | |

**D.   CLAIMS ARISING FROM REJECTION OF EXECUTORY CONTRACTS OR LEASES:**

| Name of Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| -NONE- | | |

**E.   TOTAL TO BE PAID TO NONPRIORITY UNSECURED CREDITORS THROUGH THIS PLAN:**

**The amount paid to nonpriority unsecured creditor(s) is not less than that required under the Liquidation Analysis set forth in Exhibit 2.**

**Total Nonpriority unsecured Claims [A + B + C + D]:** $506,176.74

Enter Fixed Amount (Pot Plan) or multiply total nonpriority unsecured claim(s) by Fixed Percentage and enter that amount: $37.62

**F.   SEPARATELY CLASSIFIED UNSECURED CLAIMS (*e.g., co-borrower*):**

| Name of Creditor | Description of Claim | Amount of Claim | Treatment of Claim | Basis for Separate Classification |
|---|---|---|---|---|
| -NONE- | | | | |

**Total of separately classified unsecured claim(s) to be paid through this Plan:** $0.00

| PART 6: | EXECUTORY CONTRACTS AND UNEXPIRED LEASES |

*Check one.*

☑ **None.** *If "None" is checked, the rest of Part 6 need not be completed and may be deleted from this Plan.*

| PART 7: | POSTCONFIRMATION VESTING OF PROPERTY OF THE ESTATE |

If the Debtor(s) receives a discharge, property of the estate will vest in the Debtor(s) upon entry of the discharge. If the Debtor(s) does not receive a discharge, property of the estate will vest upon the earlier of (i) the filing of the Chapter 13 Standing Trustee's Final Report and Account and the closing of the case or (ii) dismissal of the case.

| PART 8: | NONSTANDARD PLAN PROVISIONS |

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed and may be deleted from this Plan.*
☑ **This Plan includes the following nonstandard provisions.** *Under Fed. R. Bankr. P. 3015(c), each nonstandard provision must be set forth below in a separately numbered sentence or paragraph. A nonstandard provision is a provision not otherwise included in Official Local Form 3, or which deviates from Official Local Form 3. Nonstandard provisions set forth elsewhere in this Plan are ineffective. To the extent the provisions in Part 8 are inconsistent with other provisions of this Plan, the provisions of Part 8 shall control if the box "Included" is checked in Part 1, Line 1.3.*

*The following Plan provisions are effective only if the box "Included" in Part 1, Line 1.3 is checked.*
Any non-exempt recovery from the court actions will be paid to the general unsecured creditors.

## PART 9: SIGNATURES

By signing this document, Debtor(s) acknowledges reviewing and understanding the provisions of this Plan and the Exhibits filed as identified below.

By signing this document, the Debtor(s) and, if represented by an attorney, the attorney for the Debtor(s), certifies that the wording and order of the provisions in this Plan are identical to those contained in Official Local Form 3, including the Exhibits identified below, other than any Nonstandard Plan Provisions in Part 8.

| /s/ Steven Surabian | February 18, 2025 |
|---|---|
| Steven Surabian | Date |
| Debtor | |

| | |
|---|---|
| Debtor | Date |

| /s/ Peter M. Daigle | Date | February 18, 2025 |
|---|---|---|

Signature of attorney for Debtor(s)
Peter M. Daigle
640517 MA
Daigle Law Office
1550 Falmouth Road
Suite 10
Centerville, MA 02632
(508) 771-7444
pmdaigleesq@yahoo.com

The following Exhibits are filed with this Plan:
☑ **Exhibit 1: Calculation of Plan Payment***
☑ Exhibit 2: Liquidation Analysis*
☐ Exhibit 3: Table for Lien Avoidance under 11 U.S.C. § 522(f)**
☐ Exhibit 4: [Proposed] Order Avoiding Lien Impairing Exemption**

*List additional exhibits if applicable.*

*Denotes a required Exhibit in every plan
**Denotes a required Exhibit if the box "Included" is checked in Part 1, Line 1.2.

**Total number of Plan pages, included Exhibits:** 7

# EXHIBIT 1

## CALCULATION OF PLAN PAYMENT

| | | |
|---|---|---:|
| a) | Secured claims (Part 3.A and Part 3.B.1-3 Total): | $0.00 |
| b) | Priority claims (Part 4.A and Part 4.B Total): | $3,565.98 |
| c) | Administrative expenses (Part 4.C.1 and 4.C.2 Total): | $0.00 |
| d) | Nonpriority unsecured claims (Part 5.E Total): | $37.62 |
| e) | Separately classified unsecured claims (Part 5.F Total): | $0.00 |
| f) | Executory contract/lease arrears claims (Part 6 Total): | $0.00 |
| g) | Total of (a) + (b) + (c) + (d) + (e) + (f): | $3,603.60 |
| h) | Divide (g) by .90 for total Cost of Plan including the Trustee's fee: | $4,004.01 |
| i) | Divide (h), Cost of Plan, by term of Plan, __ months: | |
| j) | Round **up** to the nearest dollar amount for Plan payment: | |

***If this is either an amended Plan and the Plan payment has changed, or if this is a postconfirmation amended Plan, complete (a) through (h) only and the following*:**

| | | |
|---|---|---:|
| k) | Enter total amount of payments the Debtor(s) has paid to the Trustee: | $299.00 |
| l) | Subtract line (k) from line (h) and enter amount here: | $3,705.01 |
| m) | Divide line (l) by the number of months remaining (**57** months): | $65.00 |
| n) | Round up to the nearest dollar amount for amended Plan payment: | 65.00 |

Date the amended Plan payment shall begin:   3/01/2025

**EXHIBIT 2**

**LIQUIDATION ANALYSIS**

## A. REAL PROPERTY

| Address (Sch. A/B, Part 1) | Value (Sch. A/B, Part 1) | Lien (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| -NONE- | | | |

| | |
|---|---|
| **Total Value of Real Property** (Sch. A/B, line 55): | $ 0.00 |
| **Total Net Equity for Real Property** (Value Less Liens): | $ 0.00 |
| **Less Total Exemptions for Real Property** (Sch. C): | $ 0.00 |
| **Amount Real Property Available in Chapter 7:** | $ 0.00 |

## B. MOTOR VEHICLES

| Make, Model and Year (Sch. A/B, Part 2) | Value (Sch. A/B, Part 2) | Lien (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| 1997 Lincoln Town Car EX 176660 miles Location: 1198 Route 28 Unit E, South Yarmouth MA 02664 | 402.00 | 0.00 | 402.00 |

| | |
|---|---|
| **Total Value of Motor Vehicles** (Sch. A/B, line 55): | $ 402.00 |
| **Total Net Equity for Motor Vehicles** (Value Less Liens): | $ 402.00 |
| **Less Total Exemptions for Motor Vehicles** (Sch. C): | $ 402.00 |
| **Amount Motor Vehicle Available in Chapter 7:** | $ 0.00 |

## C. ALL OTHER ASSETS (Sch. A/B Part 2, no. 4; Part 3 through Part 7. Itemize.)

| Asset | Value | Lien (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| Household Goods | 2,500.00 | 0.00 | 2,500.00 |
| Electronics | 200.00 | 0.00 | 200.00 |
| 38' handgun | 350.00 | 0.00 | 350.00 |
| Wearing apparel | 500.00 | 0.00 | 500.00 |
| Misc. Jewelry | 200.00 | 0.00 | 200.00 |
| Cash | 50.00 | 0.00 | 50.00 |
| Personal Checking Account: TD Bank (3769) | 1,300.00 | 0.00 | 1,300.00 |
| Commercial Checking Account: Rockland Trust (4110) Sur Tan the Leathercrafters | 6,000.00 | 0.00 | 6,000.00 |
| On January 1, 1971, the Debtor began doing business as SurTan Manufacturing Co., a/k/a: SurTan Leather & Western Wear an unicorporated leather manufactur.ing business currently located at 1198 Route 28, South Yarmouth, MA 02664. The business is currently f | 0.00 | 0.00 | 0.00 |
| Rental Security Deposit (commercial): Landlord | 2,000.00 Debtor has 50% interest | 0.00 | 1,000.00 |
| The Debtor is a Trustee of the Richard Surabian Irrevocable Trust. | 0.00 | 0.00 | 0.00 |

| Asset | Value | Lien (Sch. D, Part 1) | Exemption (Sch. C) |
|---|---|---|---|
| The Debtor has named eleven individuals & corporations in a Barnstable Superior Court action. The original complaint was filed on February 20, 2018 (Docket No. 1872CV00095). A verified complaint and jury demand was filed on March 27, 2020 (Docket No. 207 | 0.00 | 0.00 | 0.00 |
| Claim against Flagship Insurance Agency, Inc., et al; Barnstable Superior Court Case No: 2072CV00134, c/o Raymond H. Tomlinson, Jr. | 0.00 | 0.00 | 0.00 |

| | |
|---|---|
| **Total Value of All Other Assets:** | $ 13,100.00 |
| **Total Net Equity for All Other Assets** (*Value Less Liens*): | $ 12,100.00 |
| **Less Total Exemptions for All Other Assets**: | $ 12,100.00 |
| **Amount of All Other Assets Available in Chapter 7:** | $ 0.00 |

## D. SUMMARY OF LIQUIDATION ANALYSIS

| **Amount available in Chapter 7** | **Amount** | |
|---|---|---|
| A. Amount Real Property Available in Chapter 7 (*Exhibit 2, A*) | $ | 0.00 |
| B. Amount Motor Vehicles Available in Chapter 7 (*Exhibit 2, B*) | $ | 0.00 |
| C. Amount All Other Assets Available in Chapter 7 (*Exhibit 2, C*) | $ | 0.00 |
| **TOTAL AVAILABLE IN CHAPTER 7:** | $ | 0.00 |

## E. ADDITIONAL COMMENTS REGARDING LIQUIDATION ANALYSIS:

| |
|---|
| |

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| STEVEN SURABIAN | ) | Case No.: 24-12114 |
| Debtor, | ) |  |

## **CERTIFICATE OF SERVICE OF CHAPTER 13 PLAN**

I/We hereby certify that on February 18, 2025, and in accordance with MLBR, Appendix 1, Rule 13-4(b), I/we served by first class United States mail a copy of this Plan to the on the parties on the attached list.

                                              The Debtor,
                                              By His Attorney,

                                              /s/ Peter M. Daigle
                                              Peter M. Daigle, Esquire
                                              BBO # 640517
                                              1550 Falmouth Road, Suite 10
                                              Centerville, MA 02632
                                              (508) 771-7444

Electronic Mail:

Carolyn Bankowski, US Trustee
Richard King, Asst. US Trustee

First Class Mail:

**American European Insurance Company**
6 Kimball Lane, Suite 200
Lynnfield, MA 01940

**American European Insurance, Co.**
c/o Litchfield Cavo, LLP
6 Kimball Lane, Ste 200
Lynnfield, MA 01940

**Ball & Boyd Public Adjusters, Inc.**
Richard F. Wholley, Esq.
Cohn, Rios & Wholley
2 Center Plaza, Ste. 800
Boston, MA 02108

**Bank of America**
Po Box 982238
El Paso, TX 79998

**Bank of America**
Attn: Bankruptcy
4909 Savarese Circle
Tampa, FL 33634

**Brian J. Brenton**
c/o Nicole L. Carnevale, Esq.
Eversournce Energy
247 Station Drive, Ste. 100
Westwood, MA 02090

**Capital One**
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130

**Capital One**
Po Box 31293
Salt Lake City, UT 84131

**Citibank**
701 E. 60th St. N
Sioux Falls, SD 57104

**Citibank (S.D), N.A.**
Rubin & Rothman, LLC
PO Box 9003
1787 Veterans Highway, Ste 32
Islandia, NY 11749

**Comenity**
PO Box 650026
Dallas, TX 75265

**Community Loan Servicing, LLC**
Luks, Santaniello, Petrillo, et, al
745 Boylston St., Ste 501
Boston, MA 02116

**Eversource**
1 Nstar Way
Westwood, MA 02090

**Flagship Insurance Agency, Inc.**
c/o Samuel F. Izzo, Esq.

Peabody & Arnold, LLP
600 Atlantic Ave
Boston, MA 02210

**George A. Butler Adjusters, Inc.**
William B. Scarpelli, Esq.
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

**Gregory P. Boyd**
Richard F. Wholley, Esq.
Cohn, Rios & Wholley
2 Center Plaza, Ste. 800
Boston, MA 02108

**Internal Revenue Service**
PO Box 7346
Philadelphia, PA 19101

**Jefferson Capital Systems, LLC**
Po Box 7999
St. Cloud, MN 56302-9617

**Jpmcb**
Po Box 15369
Wilmington, DE 19850

**Jpmcb**
MailCode LA4-7100
700 Kansas Lane
Monroe, LA 71203

**JPMorgan Chase Bank, N.A.**
s/b/m/t Chase Bank USA, N.A.
c/o National Bankruptcy Services, LLC
P.O. Box 9013
Addison, Texas 75001

**M & T Bank**
Luks, Santaniello, Petrillo, et, al
745 Boylston St., Ste 501
Boston, MA 02116

**Mass. Dept. of Revenue**
Bankruptcy Unit
PO Box 7090
Boston, MA 02204

**Massachusetts Department of Revenue**
Bankruptcy Unit
P.O. Box 7090
Boston, MA 02204

**Nationalgrid**
300 Erie Blvd. West
Syracuse, NY 13202

**Paul M. Battaglino**
William B. Scarpelli, Esq.
Morrison Mahoney LLP
250 Summer Street
Boston, MA 02210

**Quantum3 Group LLC as agent for Comenity Bank**
PO Box 788
Kirkland, WA 98083-0788

**Raymond H. Tomlinson, Jr., Esq.**
Tomlinson Law
76 Tupper Road, Suite #11
Sandwich, MA 02563

**Raymond H. Tomlinson, Jr., Esq. dba Tomlinson Law**
76 Tupper Road
Suite 11
Sandwich, MA 02563

**Small Business Administration**
801 Tom Martin Drive, Suite 120
Birmingham, AL 35211

**Small Business Administration**
801 Tom Martin Drive Suite 120
Birmingham, AL 35211

**Stephen D. Curtis**
Richard F. Wholley, Esq.
Cohn, Rios & Wholley
2 Center Plaza, Ste. 800
Boston, MA 02108

**TD Bank, N.A.**
PO BOX 1931
BURLINGAME, CA 94011

**TD Bank, N.A.**
Td Bank Usbc

Greenville, SC 29607

**TD Bank, N.A.**
Attn: Bankruptcy
1701 Rt 70 East
Cherry Hill, NJ 08003

**Timothy M. Ball**
Richard F. Wholley, Esq.
Cohn, Rios & Wholley
2 Center Plaza, Ste. 800
Boston, MA 02108

**Timothy O. Egan, Esq.**
Peabody & Arnold, LLP
600 Atlantic Ave
Boston, MA 02110