UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE:<br>STEVEN SURABIAN,<br>    Debtor | Chapter 13<br>Case No. 24-12114 |

**AFFIDAVIT OF ATTORNEY RAYMOND H. TOMLINSON, JR.
PURSUANT TO FED. R. BANKR. P. 2014**

I, Raymond H. Tomlinson, Jr., hereby declare under the pains and penalties of perjury as follows:

1. I am an attorney licensed to practice law in the Commonwealth of Massachusetts and principal of TOMLINSON|LAW (the "Firm"), with offices at 76 Tupper Road, Suite 11, Sandwich, Massachusetts 02563.

2. This Affidavit is submitted pursuant to Federal Rule of Bankruptcy Procedure 2014(a) in connection with the Debtor's motion to employ me as special counsel under 11 U.S.C. § 327(e). This is my first affidavit filed in this bankruptcy case.

3. Prior to the bankruptcy filing, the Firm represented the Debtor in civil litigation pending in the Massachusetts Superior Court (Barnstable Session), including claims asserted against, among others, American European Insurance Company ("AEIC"), its agent George A. Butler Adjusters, Inc. and Paul M. Battaglino (collectively, the "Butler Defendants"), as well as settling defendants Flagship Insurance Agency, Inc. and Brian C. Breton (collectively, the "Flagship Defendants"), and others.

4. The Debtor seeks to employ the Firm retroactive to the date of the Petition solely as special counsel for a limited and discrete purpose, namely: trying the state court litigation before a jury and assisting with settlement negotiations and related matters arising therefrom (the "Specified Matter"). The Firm will not act as general bankruptcy counsel and will not

1

advise the Debtor or the estate on bankruptcy administration, claims allowance, plan confirmation, or matters unrelated to the Specified Matter.

5. The Firm has filed a proof of claim in this bankruptcy case for unpaid prepetition legal fees arising from my prior representation of the Debtor. See Proof of Claim 5-1. As a result, the Firm is a prepetition creditor of the Debtor's estate.

6. In the state court litigation, the Butler Defendants obtained summary judgment on certain claims and thereafter sought attorneys' fees and sanctions pursuant to G.L. c. 231, § 6F and Mass. R. Civ. P. 11.

   a. Following entry of summary judgment, an Order entered in favor of the Butler Defendants allowing the imposition of fees as sanctions.

   b. The Butler Defendants thereafter filed a motion to assess the amount of such fees and costs.

   c. The Debtor and the Firm opposed the assessment and filed motions seeking dismissal of the assessment motion and relief from the underlying summary judgment and sanctions orders.

   d. As of the date of this affidavit, the sanctions assessment issues remain pending and under advisement in the state court.

7. The sanctions and fee proceedings referenced above include requests for relief that may be asserted jointly and severally against the Debtor and against me personally.

8. While the Butler Defendants obtained relief from the automatic stay, neither Butler nor Battaglino filed a proof of claim in this bankruptcy case, and the bar date for filing proofs of claim has passed.

9. AEIC filed a proof of claim in this bankruptcy case based on its counterclaims asserted in the state court litigation. Following a jury trial, the jury awarded AEIC no damages

on its counterclaims. Upon information and belief, the Chapter 13 Trustee intends to object to AEIC's proof of claim and seek its disallowance or valuation at zero.

10. Settlement discussions have occurred or may occur involving certain non-creditor defendants in the state-court litigation, including Flagship Insurance Agency, Inc. and Paul M. Battaglino (the "Flagship Defendants"). Any such settlement would be subject to approval by this Court.

11. The Firm's prepetition engagement with the plaintiffs in the state court litigation includes Debtor, his non-debtor brother, Richard Surabian, and a non-debtor trust, The Richard Surabian Irrevocable Trust, each of whom is jointly and severally liable for payment of legal fees and expenses under the governing fee agreement. Nothing in the proposed employment as special counsel is intended to waive, limit, or impair my contractual rights to seek payment, indemnity or contribution from any party obligated under that fee agreement, including the Debtor.

12. The Firm is a prepetition creditor of the estate and it has contractual rights to seek payment, indemnity and/or contribution arising from the prepetition representation. I further acknowledge that sanctions proceedings remain pending in the state court in which relief has been sought jointly and severally against the Debtor, his non-debtor brother and Trust, and against me personally. These facts are disclosed for the Court's consideration in determining whether my employment for the limited and specified purpose described herein is permissible under 11 U.S.C. § 327(e). I believe that the Firm does not hold any interest adverse to the Debtor or the estate with respect to the Specified Matter as herein described.

13. I have no connection with the Debtor, creditors, or any other party in interest, their respective attorneys or accountants, the United States Trustee or any person employed in the office of the United States Trustee except, if any, as set forth herein.

14. I have disclosed all fees previously incurred by the Debtor pre-petition and paid and/or owed to TOMLINSON|LAW, and all fees been filed with the court in the above-captioned case as Proof of Claim 5-1.

15. I have not agreed to share, and will not share, any compensation received in connection with this bankruptcy case with any person, except members of my firm, in accordance with 11 U.S.C. § 504.

16. I understand and acknowledge my continuing obligation to amend the Proof of Claim 5-1 and/or to supplement this affidavit promptly if any material facts or circumstances change.

17. I have reviewed the provisions of Massachusetts Local Bankruptcy Rule 2016-1.

I DECLARE UNDER THE PAINS AND PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Raymond H. Tomlinson, Jr., Esq.
TOMLINSON|LAW
76 Tupper Road, Suite 11
Sandwich, MA 02563
(508) 348-9030 Telephone
(508) 422-0930 Facsimile
rht@tomlinsonlaw.com

Dated: January 12, 2026