UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: ) | Chapter 13 |
| STEVEN SURABIAN ) | Case No.: 24-12114 |
| Debtor, ) | |

# MOTION TO APPROVE COMPROMISE TOMLINSON LAW, SETTLEMENT AGREEMENT IN DEBTOR'S CIVIL ACTION

Now comes the Debtor, Steven Surabian, by and through counsel, along with co-counsel Raymond Tomlinson of Tomlinson Law., who jointly and respectfully move this Court to approve the Settlement Agreement ("Settlement") filed herein relative to the Debtors' disposition of proceeds pursuant to Fed. R. Bank. P. 9019 and MLBR 9019-1. A copy of the Agreement is attached as Exhibit A. In support of this Motion, the Debtor represents as follows:

## Background

1. Debtor filed a chapter 13 petition on October 22, 2024.

2. Debtor listed the pending Civil Actions against American European Insurance, Co., Case No: 1872CV00095 and Case No: 2072CV00134 in his Schedule C. (hereinafter "Civil Actions")

3. On November 1, 2024, American European Insurance, Co., filed a Motion for Relief from the Automatic Stay. [Doc 9]

4. On November 19, 2024, Creditors George A. Butler Adjusters, Inc. and Paul M. Battaglio filed a Motion to Join [Doc 9] for Relief from Stay in the Civil Actions. [Doc 27]

5. On December 18, 2024, the Court held a hearing on the Motion for Relief.

6. No Motion or Proof of Claim was filed in Debtor's case by Flagship Insurance Agency, Inc. and Brian C. Breton prior to the proof of claim deadline on April 29,2025.

7. On December 19, 2024, the Court issued an Order granting Limited Relief from the Automatic Stay to allow the Civil Actions between Steven Surabian and American European Insurance, Co. to proceed to trial until entry of final judgement.

8. Debtor's Amended Plam was confirmed on April 28, 2025. Debtor's Amended Plan currently provides for non-priority unsecured creditors to be paid under a "pot plan" with each allowed claim receiving a pro rata share of $37.62, which the Debtor estimates will provide a dividend of 0%.

9. Part 8 of Debtor's Amended Plan contains a nonstandard provision requiring that "any non-exempt recovery from the court actions will be paid to the general unsecured creditors."

10. Subject to the Court's Approval of the following Agreement, Debtor acknowledges that the Schedules will be Amended and the Trustee shall allow for disbursement of the proceeds to the non-priority unsecured creditors as stated in Part 8 of the Amended Plan.

## Summary of Agreement

Subject to Bankruptcy Court approval, the Debtor submits the Agreement as arranged and secured by co-counsel. Debtor stipulates and agrees as follows:

11. In consideration for this Settlement, Debtor agrees to a full release of all claims against Flagship Insurance Agency, Inc, and Brian J. Breton.

12. Accounting for the funds proposed under the agreement is contained within <u>Exhibit A</u> and detailed below as follows:

    a. Gross Settlement: $60,000.00
    b. Less amount exempt to the Debtor: $15,000.00
       _____

    c. Final sum payable to Trustee for disbursement: **$45,000.00**

## Reasonableness of the Settlement Agreement

13. Pursuant to Fed. R. Bankr. P. 9019(a), this Court has the authority to approve a settlement or compromise entered into by the Trustee. In determining whether to approve a settlement, a court should "assess and balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Jeffrey v. Desmond,* 70 F.3d 183, 185 (1st Cir. 1995) (quotation and citation omitted). Furthermore, in making such an assessment, the test for the Court is whether a trustee's decision to settle a claim fall within the universe of reasonable alternatives, and not whether pressing forward with the claim might produce more funds for the estate. *LeBlanc v. Salem* (*In re Mailman Steam Carpet Cleaning Corp.*), 212 F.2d 632, 636 (1st Cir.), *cert. denied*, 531 U.S. 960 (2000).

14. In determining whether a compromise satisfies the applicable standard of reasonableness, courts consider the following factors: "(i) the probability of success in the litigation being compromised; (ii) the difficulties, if any, to be encountered in the matter of collection; (iii) the complexity of the litigation involved, and the expense, inconvenience and delay

attending it; and (iv) the paramount interest of the creditors and a proper deference to their reasonable views in the premise." *Jeffrey,* supra at 135; *In re Anolik,* 107 B.R. 426, 429 (D. Mass 1989).

15. Parties assert the Agreement considers and gives appropriate weight to the strengths and weaknesses of the claims and defenses of the Parties and is in the interest of judicial economy. Debtor further asserts that approval of this Settlement Agreement does not prejudice the creditors or any other party in interest, and in fact, is in the best interests of creditors.

16. Upon approval of the proposed Agreement, the sum of $45,000.00 is subject to disbursement by the Trustee to all non-priority unsecured creditors under the Amended Plan at the discretion of the Trustee.

17. Debtor shall amend his petition and schedules to include and exempt the proceeds of the Settlement.

WHEREFORE, the Debtor, Steven Surabian, along with co-counsel Raymond Tomlinson Tomlinson Law., who jointly and respectfully move this Court to approve the Settlement Agreement filed herein relative to the Debtors' disposition of proceeds pursuant to Fed.R.Bankr.P. 9019 and MLBR 9019-1.

| | |
|---|---|
| Tomlinson Law | Respectfully submitted, |
| By their attorney, | Debtor, |
| /s/ Ray H. Tomlinson, Esq | Steven Surabian |
| Raymon H. Tomlinson, Esq. | By his attorney, |
| 1170 Main Street, Suite 1 | /s/Vicki L. Mitchell, Esq. |
| West Barnstable, MA 02668 | Vicki L. Mitchell, Esq. BBO# 715394 |
| (508) 348-9030 | Peter Daigle, Esq. BBO# 640517 |
| rht@tomlinsonlaw.com | 1550 Falmouth Road, Suite 10 |
| | Centerville, MA 02632 |
| | vmitchell@daiglelawoffice.com |

## CERTIFICATE OF SERVICE

I hereby certify that on this date, February 2, 2026, I caused a copy of the above to be served upon all interested parties of record by electronic mail or first class mail, postage prepaid.

| | |
|---|---|
| Dated: February 2, 2026 | /s/ Vicki L. Mitchell_____ <br> Vicki L. Mitchell, Esq. <br> Vicki L. Mitchell, Esq. (BBO# 715394) <br> Peter Daigle, Esq. (BBO# 640517) <br> 1550 Falmouth Road, Suite 10, <br> Centerville, MA 02632 <br> vmitchell@daiglelawoffice.com |

**Electronic Mail:**

David Mawhinney, U.S. Trustee

Richard King, Asst. U.S. Trustee

Raymond Tomlinson, Esq.