IN RE:

STEVEN SURABIAN,

Debtor.

)
)
)
)
)
)

Chapter 13

Case No. 24-12114

## SUPPLEMENTAL AFFIDAVIT OF ATTORNEY RAYMOND H. TOMLINSON, JR. PURSUANT TO FED. R. BANKR. P. 2014

I, Raymond H. Tomlinson, Jr., hereby declare under the pains and penalties of perjury as follows:

1. I am an attorney licensed to practice law in the Commonwealth of Massachusetts and principal of TOMLINSON|LAW (the "Firm"), with offices at 76 Tupper Road, Suite 11, Sandwich, Massachusetts 02563.

2. This Supplemental Affidavit is submitted pursuant to Federal Rule of Bankruptcy Procedure 2014(a) and my continuing disclosure obligation under ¶16 of my prior Affidavit. My original Affidavit, dated January 12, 2026, was filed on January 15, 2026 as Exhibit A to the Debtor's Application to Employ Special Counsel [Doc. 70-1]. This Supplemental Affidavit updates and supersedes the following paragraphs of Doc. 70-1 to reflect material developments that have occurred since that filing. All other paragraphs of Doc. 70-1 remain in effect as filed. I am not counsel for the Debtor in this bankruptcy case and I do not represent the Debtor's bankruptcy estate with respect to bankruptcy administration matters.

3. **Update to ¶9 of Doc 70-1 – AEIC Claim Status.** Doc 70-1 ¶9 stated that, following a jury trial, the jury awarded AEIC no damages on its counterclaims and that, upon information and belief, the Chapter 13 Trustee intended to object to AEIC's proof of claim. The following has since occurred: On November 24, 2025, the Barnstable Superior Court (Gildea, J.) entered a Decision and Order finding, among other things, that the plaintiffs' actions voided the insurance policy and awarding AEIC no damages on its counterclaims. On

1

March 12, 2026, the Superior Court entered a Declaratory Judgment consistent with that decision. AEIC did not appeal either ruling. On March 20, 2026, the Debtor filed an objection to AEIC Proof of Claim 8-1 [Doc. 83] seeking its disallowance. AEIC did not file an opposition and, on April 30, 2026, this Court entered an Order sustaining the Debtor's objection and disallowing AEIC Proof of Claim 8-1 in its entirety. [Doc. 87].

4.     **Update to ¶10 of Doc. 70-1 — Flagship Settlement and Proceeds.** Doc. 70-1 ¶10 referred to "Flagship Insurance Agency, Inc. and Paul M. Battaglino" as the "Flagship Defendants" and stated that settlement discussions "have occurred or may occur" with those parties. That paragraph contained a factual error and is now stale. The correct settling parties are Flagship Insurance Agency, Inc. and Brian J. Breton (not Battaglino, who is a Butler Defendant). The Debtor's settlement with Flagship and Breton was executed on December 1, 2025, for $60,000. On February 2, 2026, the Debtor filed a Motion to Approve Compromise [Doc. 73]. On March 16, 2026, this Court entered an Order approving the compromise. The $60,000 in settlement proceeds are currently held by the Firm in its IOLTA trust account, which proceeds were made payable to the Firm pursuant to the Settlement Agreement, pending resolution of the Debtor's employment application and any related fee proceedings before this Court.

5.     **New Disclosure — Non-Debtor Co-Client Separate Settlement and Fee Credit.** Richard Surabian and The Richard Surabian Irrevocable Trust (the "Trust"), acting in their individual capacities as non-debtor co-plaintiffs, separately settled their respective claims against the Flagship Defendants. Pursuant to the joint and several fee agreement dated January 25, 2018, the settlement proceeds attributable to non-debtor Co-Clients Richard Surabian and the Trust — totaling $60,000 — were paid in their entirety to the Firm as a credit against the outstanding fee balance. After crediting that settlement payment, the balance of unpaid postpetition fees and expenses owed jointly and severally by all Co-Clients under the Firm's

fee agreement, including the Debtor, is **$136,577.50**. The Debtor's estate remains jointly and severally obligated for that balance under the Firm's fee agreement.

I DECLARE UNDER THE PAINS AND PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Raymond H. Tomlinson, Jr., Esq.
TOMLINSON|LAW
76 Tupper Road, Suite 11
Sandwich, MA 02563
(508) 348-9030 Telephone
(508) 422-0930 Facsimile
rht@tomlinsonlaw.com

Dated: May 29, 2026

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 29, 2026, a copy of the foregoing *Supplemental Affidavit of Attorney Raymond H. Tomlinson, Jr. Pursuant to Fed. R. Bankr. P. 2014* was served via first class mail, postage prepaid, or by electronic notice, on the debtor and debtor's counsel and the Standing Chapter 13 Trustee at the addresses set forth below.

Carolyn A. Bankowski, Esq.
Standing Chapter 13 Trustee
c/o Patricia A. Remer, Esq.
Office of the Chapter 13 Trustee
P.O. Box 8250
Boston, MA 02114-0022
13trustee@ch13boston.com

Peter M. Daigle, Esq.
Vicki L. Mitchell, Esq.
The Law Office of Peter M. Daigle, P.C.
1550 Falmouth Road, Suite 10
Centerville, MA 02632
pdaigle@daiglelawoffice.com
vmitchell@daiglelawoffice.com

Raymond H. Tomlinson, Jr., Esq.