|  | Chapter 13 |
|---|---|
| In re: | |
| STEVEN SURABIAN, Debtor. | Case No. 24-12114-CJP |

**STIPULATION ON APPLICATION TO EMPLOY SPECIAL COUNSEL
AND DISBURSEMENT OF SETTLEMENT FUNDS**

NOW COME Carolyn A. Bankowski, Standing Chapter 13 Trustee ("Trustee") and Raymond Tomlinson, Esq. ("Special Counsel") (collectively "the Parties"), and hereby stipulate as follows:

## I.  BACKGROUND

1.      The Debtor filed this Chapter 13 case on October 22, 2024.  On Schedule B the Debtor listed claims against Flagship Insurance Agency, Inc. and American European Insurance Co.  The Debtor listed the value of the claims as unknown.

2.      On February 18, 2025, the Debtor filed an amended Chapter 13 Plan ("the Plan").  The Plan provided for payments of $99.67 per month for 3 months and $65.00 per month for 57 months.  The Plan provided for a total "pot" of $37.62 to the general unsecured creditors which totaled $506,176.74.  The general unsecured creditors included a claim filed by American European Insurance Company in the amount of $260,000.00 and a claim filed by Special Counsel for attorneys' fees in the amount of $242,322.03.

3.      The Plan also provided in Part 8 that any non-exempt recovery from the court actions will be paid to the general unsecured creditors.  This included the claim against Flagship Insurance Agency, Inc. and American European Insurance Co.  On April 28, 2025, the Court entered an Order Confirming the Plan.

4. On January 15, 2026, the debtor filed an Application to Employ Special Counsel. The Application sought the nunc pro tunc employment of Special Counsel to litigate or settle the claims related to Flagship Insurance Agency, Inc. and American European Insurance Co. ("the Application"). On February 2, 2026, debtor filed a Motion to Approve Compromise Under Rule 9019 ("the Motion to Compromise"). The Motion to Compromise sought approval of a settlement in the state court litigation that Special Counsel negotiated with Flagship Insurance Agency, Inc. The settlement included a gross settlement amount of $60,000.00.

5. On February 3, 2026, the Trustee filed a Response to the Application and the Motion to Compromise. The Trustee had no objection to the Motion or Application per se, and no objection to the amount of the settlement per se or to the terms contained therein. The Trustee raised the issue that according to the Debtor's Schedule C no exemption had been claimed in the state court action and therefore none of the gross settlement proceeds were exempt and the entire $60,000.00 must be turned over to the Trustee for payment to creditors. The Trustee also asserted that the Motion to Compromise and Application failed to provide any information as to how Special Counsel would be paid.

6. A hearing was held on the Motion to Compromise and Application on March 11, 2026. The Court continued the hearing on the Application and entered an order on the Motion to Compromise as follows: *THE MOTION IS GRANTED, AND THE SETTLEMENT IS APPROVED. THE DISTRIBUTION OF SETTLEMENT PROCEEDS SHALL BE AS FOLLOWS, $45,000.00 TO THE CHAPTER 13 TRUSTEE AND $15,000.00 TO BE HELD IN ESCROW FOR FOURTEEN DAYS, UNTIL THE DEBTOR FILES A CLAIM OF EXEMPTION. ANY AMOUNT THAT EXCEEDS THE CLAIMED EXEMPTION SHALL BE TURNED OVER TO THE TRUSTEE. THE AMOUNT CLAIMED AS EXEMPT SHALL BE HELD IN ESCROW*

*PENDING FURTHER ORDER OF THE COURT OR WRITTEN JOINT INSTRUCTION BY THE CHAPTER 13 TRUSTEE AND THE DEBTOR.* [Doc. 81, entered March 16, 2026.]

7. The settlement funds were disbursed to and are currently being held in escrow by Special Counsel.

8. On March 20, 2026, the Debtor filed an Objection to the Proof of Claim filed by American European Insurance Co. The Debtor objected to the Proof of Claim because the matter had been tried in Superior Court and the jury awarded nothing to American European Insurance Co.

9. On April 15, 2026, a hearing was again held on the Application. The Court continued the hearing pending a determination of the Objection to the Proof of Claim and for the parties to attempt to come to an agreement regarding Special Counsel's fees.

10. On May 1, 2026, the Court sustained the Objection and disallowed the claim of American European Insurance Co. in its entirety, reducing the total of the general unsecured claims by $260,000.00. [Doc. 87.]

11. The fourteen (14) day period afforded to the Debtor to file a claim of exemption pursuant to Doc. 81 expired on or about April 1, 2026. As of the date of this Stipulation, no amended Schedule C has been filed by the Debtor to claim any exemption in the settlement funds, and no such exemption has been claimed.

12. The Trustee and Special Counsel have now reached agreement regarding the disposition of the settlement funds, including payment to the general unsecured creditors and Special Counsel. The terms of the Stipulation are set forth below.

## II. STIPULATED TERMS

Subject to Court approval, the Parties hereby stipulate and agree as follows:

a.      The Trustee withdraws her Response to the Application to Employ Special Counsel.  Upon the Court's approval of the Application to Employ Special Counsel nunc pro tunc to October 22, 2024 pursuant to 11 U.S.C. § 327(e), the settlement funds will be disbursed in accordance with this Stipulation;

b.      The total amount needed for the Trustee to pay all claims in full other than Special Counsel's Proof of Claim, inclusive of the Trustee's statutory commission on disbursements, is $6,905.11.  The Parties agree that the amount of $6,905.11 will be paid to the Trustee from the settlement funds in full satisfaction of all allowed claims and the Trustee's commission;

c.      The Parties agree that the remainder of the settlement funds shall be disbursed to Special Counsel;

d.      Special Counsel agrees that upon receipt of the remainder of the settlement funds he waives any further distribution from the bankruptcy estate on account of Claim #5-1, provided however, that such waiver is expressly limited to distributions from the bankruptcy estate of Steven Surabian (Case No. 24-12114-CJP) and shall not constitute a release of, or otherwise limit or impair, any claims, rights, or remedies that Special Counsel may have against Richard Surabian individually or as a joint venturer in SurTan Manufacturing Co., or against the Richard Surabian Irrevocable Trust, as non-debtor co-obligors under the fee agreement dated January 25, 2018.  Special Counsel acknowledges that upon the Debtor receiving a discharge pursuant to 11 U.S.C. § 1328, the Debtor's personal liability on Claim 5-1 shall be discharged without affecting Special Counsel's rights as against non-debtor co-obligors as set forth herein;

e.	The Trustee and Special Counsel note for the record that no amended Schedule C has been filed by the Debtor to claim any exemption in the settlement funds, and that the fourteen (14) day deadline imposed by the Court's Order of March 16, 2026 [Doc. 81] has expired without any exemption being claimed.  The Trustee and Special Counsel agree that no portion of the settlement funds is exempt and that the settlement funds shall be disbursed in accordance with this Stipulation;

f.	The Parties acknowledge that Special Counsel's compensation constitutes an administrative expense of the estate entitled to priority under 11 U.S.C. §§ 503(b)(2) and 507(a)(2), senior to general unsecured claims.  In accordance with this priority and consistent with Part 8 of the Confirmed Chapter 13 Plan, Special Counsel shall disburse the amount of $6,905.11 to the Trustee within ten (10) days of Court approval of this Stipulation and shall retain the balance of the settlement funds as set forth in paragraph (c).  The Trustee shall then disburse to allowed general unsecured creditors other than Special Counsel the amount of $6,905.11 as set forth in paragraph (b), resulting in a 100% dividend on those claims.

DATED: June 23, 2026

Submitted by:

| | |
|---|---|
| Carolyn A. Bankowski, | Raymond H. Tomlinson, Jr. |
| By: */s/ Carolyn A. Bankowski* | By:  */s/ Raymond H. Tomlinson, Jr.* |
| Carolyn A. Bankowski, BBO#631056 | TOMLINSON | LAW |
| Patricia A. Remer, BBO#639594 | 76 Tupper Road, Suite 11 |
| Office of the Chapter 13 Trustee | Sandwich, MA 02563 |
| PO Box 8250 | (508) 348-9030 |
| Boston, MA  02114 | rht@tomlinsonlaw.com |
| (617) 723-1313 | |
| 13trustee@ch13boston.com | |

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on June 23, 2026, a copy of the foregoing *Stipulation on Application to Employ Special Counsel and Disbursement of Settlement Funds* was served via first class mail, postage prepaid, or by electronic notice, on the debtor and debtor's counsel and the Standing Chapter 13 Trustee at the addresses set forth below.

Carolyn A. Bankowski, Esq.
Standing Chapter 13 Trustee
c/o Patricia A. Remer, Esq.
Office of the Chapter 13 Trustee
P.O. Box 8250
Boston, MA 02114-0022
13trustee@ch13boston.com

Peter M. Daigle, Esq.
Vicki L. Mitchell, Esq.
The Law Office of Peter M. Daigle, P.C.
1550 Falmouth Road, Suite 10
Centerville, MA 02632
pdaigle@daiglelawoffice.com
vmitchell@daiglelawoffice.com


*/s/ Raymond H. Tomlinson, Jr.*
Raymond H. Tomlinson, Jr., Esq.