| | |
|---|---|
| In re: | Chapter 13 |
| **STEVEN SURABIAN,** | Case No. 24-12114-CJP |
| Debtor. | |

### OBJECTION OF RAYMOND H. TOMLINSON, JR. TO DEBTOR'S MOTION TO AMEND SCHEDULES A/B AND C [DOC. 96]

Raymond H. Tomlinson, Jr. and TOMLINSON|LAW (collectively, "Special Counsel"), state-court litigation counsel to the Debtor whose employment as special counsel under 11 U.S.C. § 327(e) is pending before the Court by agreement of the Trustee and the Debtor, and a secured and administrative creditor of the estate, respectfully submit this Objection to the Debtor's Motion to Amend Schedules A/B and C [Doc. 96] (the "Motion to Amend"), by which the Debtor seeks to claim a $6,725.00 exemption in the proceeds of the Flagship Insurance Agency settlement under 11 U.S.C. § 522(d)(5). In support, Special Counsel states as follows:

### I.    PRELIMINARY STATEMENT

At the hearing held June 24, 2026, the Court directed Special Counsel to file this Objection and to assert his rights to the $6,725.00 held in escrow (the "Escrow Holdback") and invited Special Counsel to address the applicability of his attorney's lien as between pre-petition and post-petition fees. This Objection responds to that direction.

The dispositive point is one of priority, not exemption. Special Counsel holds two senior interests in the settlement proceeds, either of which is sufficient to defeat the Debtor's claim to the Escrow Holdback.

First, Special Counsel holds a statutory attorney's lien under G.L. c. 221, § 50 that attached pre-petition, by operation of law, upon the commencement of the state court action, and that secures Special Counsel's prepetition fees (Proof of Claim 5-1). That lien is a statutory lien, not a

judicial lien, and is therefore not avoidable under 11 U.S.C. § 522(f); it passes through the bankruptcy and through any exemption unaffected.

Second, Special Counsel's post-petition fees constitute an administrative expense under 11 U.S.C. §§ 503(b)(2) and 507(a)(2), payable from the very fund those services created.

Because Special Counsel's secured and administrative interests vastly exceed the entire $60,000.00 settlement, the Debtor's claimed exemption — even if allowed — reaches only the Debtor's residual interest in the proceeds after those senior interests are satisfied, which is nothing.

The Court therefore need not resolve whether the exemption is allowable; it may direct the Escrow Holdback to Special Counsel because the Debtor's exemption takes the proceeds subject to Special Counsel's senior, non-avoidable interests.

## II.     RELEVANT BACKGROUND

1.      The Debtor filed this Chapter 13 case on October 22, 2024. In his original Schedule C, the Debtor claimed no exemption in the state court litigation. The Liquidation Analysis filed with the Debtor's Plan listed the Flagship claim at $0.00 value with $0.00 exemption.

2.      Special Counsel commenced the state court litigation on behalf of the Debtor and the non-debtor co-clients well before the petition date. The action against Flagship Insurance Agency, Inc., et al. was filed in the Barnstable Superior Court, and Special Counsel appeared as counsel of record at the commencement of that action.

3.      On January 5, 2023 — pre-petition — Special Counsel filed in the Barnstable Superior Court a Notice of Attorney's Lien under G.L. c. 221, § 50, asserting the lien upon the causes of action and "any and all proceeds that may be recovered thereby," in an amount then "currently exceeding $181,616.29 and which sum continues to accrue." The Notice was served on all counsel of record, including counsel for the Flagship Defendants.

4. On April 28, 2025, the Court confirmed the Debtor's Amended Chapter 13 Plan [Doc. 55]. Part 8 thereof provides that any non-exempt recovery from the court actions will be paid to the general unsecured creditors — that is, the net recovery remaining after satisfaction of senior claims.

5. Special Counsel tried the litigation to a jury and negotiated a $60,000.00 settlement with Flagship Insurance Agency, Inc. and Brian J. Breton, which the Court approved on March 16, 2026 [Doc. 81]. The Settlement Agreement directed payment "to the order of 'TOMLINSON|LAW, as counsel for Steven Surabian,'" and the proceeds are held in Special Counsel's IOLTA trust account.

6. On June 23, 2026, the Debtor filed the Motion to Amend [Doc. 96] and amended Schedule C [Doc. 95], seeking to claim a $6,725.00 exemption in the settlement proceeds under 11 U.S.C. § 522(d)(5).

7. Following the June 24, 2026 hearing and at the Court's direction, the Trustee, Special Counsel, and the Debtor agreed to a proposed form of Agreed Order, which the Trustee transmitted to chambers on behalf of all parties and which remains pending before the Court. The proposed Agreed Order approves Special Counsel's employment nunc pro tunc, directs disbursement of $6,905.11 to the Trustee (funding a 100% dividend to all allowed creditors other than Special Counsel) and $46,369.89 to Special Counsel, and provides that a $6,725.00 Escrow Holdback be retained in Special Counsel's IOLTA account pending determination of the Motion to Amend and this Objection, with all rights of the parties reserved. Special Counsel's waiver of further distribution on Claim 5-1 thereunder is expressly limited to distributions from the bankruptcy estate and does not waive or impair Special Counsel's attorney's lien or his rights against the non-debtor co-obligors.

## III. <u>ARGUMENT</u>

### A. The G.L. c. 221, § 50 Attorney's Lien Attached Prepetition by Operation of Statute and Secures Claim 5-1 Against the Settlement Proceeds.

The Massachusetts attorney's lien statute provides that from the authorized commencement of an action, the attorney who appears for a client "shall have a lien for his reasonable fees and expenses upon his client's cause of action . . . and upon the proceeds derived therefrom." G.L. c. 221, § 50. The lien is self-executing: it arises by operation of statute upon the commencement of the attorney's appearance and does not depend upon the filing of any separate action or enforcement proceeding to exist or to attach. *Cohen v. Lindsey*, 38 Mass.App.Ct. 1, 5 (1995). "Proceeds" under § 50 expressly encompass monetary settlements. *Craft v. Kane*, 51 Mass.App.Ct. 648, 652-653 (2001).

Special Counsel's lien therefore attached upon the February 20, 2018 commencement of the state court action — years before the petition date — and secured the fees and expenses then accruing, which are the pre-petition fees reflected in Proof of Claim 5-1. The January 5, 2023 Notice of Attorney's Lien did not create the lien; the lien already existed by statute. The Notice confirmed the lien of record and gave actual notice to the settling defendants, who accordingly directed the settlement payment to Special Counsel. The lien thus attaches to the settlement proceeds, including the Escrow Holdback.

### B. The Attorney's Lien Is a Statutory Lien, Not a Judicial Lien, and Is Therefore Not Avoidable Under § 522(f); the Debtor's Exemption Takes the Proceeds Subject to the Lien.

A debtor may avoid a lien that impairs an exemption only if the lien is a "judicial lien" or a nonpossessory, nonpurchase-money security interest. 11 U.S.C. § 522(f)(1). A "judicial lien" is one "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." 11 U.S.C. § 101(36). A "statutory lien," by contrast, is one "arising solely by force of a statute on

4

specified circumstances or conditions." 11 U.S.C. § 101(53). The attorney's lien under G.L. c. 221, § 50 arises solely by force of the statute upon the commencement of the action; it is a statutory lien, and its statutory character remains even where the lien must ultimately be enforced by judicial process. A statutory lien is not subject to avoidance under § 522(f).

It follows that the Debtor cannot avoid Special Counsel's § 50 lien, and the lien is not extinguished or subordinated by the claimed exemption. It is settled that valid liens pass through bankruptcy unaffected; the discharge eliminates only the debtor's personal liability, while a lien on property survives. A debtor's exemption does not strip a non-avoidable lien from the property; the debtor takes the property, or its proceeds, subject to the surviving lien. The Debtor's claimed $6,725.00 exemption in the settlement proceeds is therefore subject to Special Counsel's prior, non-avoidable statutory lien, and yields the Debtor no recovery unless and until that lien is satisfied.

C. **Special Counsel's Post-petition Fees Are an Administrative Expense Payable from the Fund, and Acceptance of Administrative Payment Does Not Waive the Lien Securing the Pre-petition Fees.**

Independently of the lien, Special Counsel's compensation for post-petition services as approved special counsel constitutes an administrative expense under 11 U.S.C. § 503(b)(2), entitled to priority under § 507(a)(2), senior to all general unsecured claims. Those services generated the entire $60,000.00 settlement — the sole third-party recovery in this case — and the post-petition fees alone substantially exceed the settlement fund. Post-petition fees of an estate professional are properly charged against the very fund the professional's services created. *See In re Jarvis*, 53 F.3d 416 (1st Cir. 1995).

The administrative-expense remedy and the statutory lien are cumulative, not alternative. Special Counsel's acceptance, under the Agreed Order, of $46,369.89 in partial satisfaction of the administrative expense for post-petition fees does not waive, release, or diminish the § 50 lien

securing the separate prepetition obligation reflected in Claim 5-1. Special Counsel's limited waiver under the Agreed Order extended only to further distributions from the bankruptcy estate and expressly preserved the lien. Accordingly, both the administrative priority (as to the post-petition fees) and the statutory lien (as to the pre-petition fees) reach the Escrow Holdback, each independently senior to the Debtor's claimed exemption.

> **D.** **Because Special Counsel's Senior Interests Exceed the Entire Fund, the Debtor's Claimed Exemption Yields No Recovery, and the Court Need Not Resolve the Exemption to Award the Holdback to Special Counsel.**

The practical consequence is straightforward. A claimed exemption attaches only to the debtor's interest in property; it does not enlarge the debtor's interest or prime senior liens and priority claims. Here, Special Counsel's non-avoidable § 50 lien secures prepetition fees far exceeding $6,725.00, and Special Counsel's administrative expense for post-petition fees likewise exceeds the entire fund. After satisfaction of those senior interests, no proceeds remain to which the Debtor's exemption could attach. The Court may therefore direct disbursement of the Escrow Holdback to Special Counsel without resolving whether the belated exemption is allowable, because even an allowed exemption would yield the Debtor nothing.

> **E.** **In the Alternative, the Belated Exemption Should Be Disallowed on Equitable Grounds.**

Should the Court reach the allowability of the exemption, the Debtor disclaimed any exemption in the litigation throughout this case — in his original Schedule C, in the Liquidation Analysis, and in the confirmed Plan — and the Plan was confirmed on that basis. While the Court must consider the totality of the circumstances surrounding the Debtor's position, *see Keathley v. Buddy Ayers Construction, Inc.*, 608 U.S. ___ (2026) (slip op. at 2, 8), the circumstances here — a $0.00 valuation maintained through plan confirmation, followed by a claimed exemption asserted only after Special Counsel's efforts produced a recovery — weigh against allowance. Special

Counsel does not rest this Objection on that ground, however, because the senior lien and administrative priority dispose of the Escrow Holdback regardless of whether the exemption is allowed.

## IV.   CONCLUSION

For the foregoing reasons, Special Counsel respectfully requests that the Court:

(1) determine that Special Counsel's attorney's lien under G.L. c. 221, § 50 and his administrative expense claim under 11 U.S.C. §§ 503(b)(2) and 507(a)(2) attach to the Escrow Holdback and are senior to any interest of the Debtor, including any claimed exemption;

(2) determine that the Debtor's claimed exemption, even if allowed, takes the proceeds subject to those senior interests and yields the Debtor no recovery from the Escrow Holdback;

(3) direct that the $6,725.00 Escrow Holdback be disbursed to Special Counsel;

(4) to the extent necessary, deny the Debtor's Motion to Amend Schedules A/B and C [Doc. 96]; and

(5) grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

By: */s/ Raymond H. Tomlinson, Jr.*
Raymond H. Tomlinson, Jr., Esq., BBO#654855
TOMLINSON | LAW
76 Tupper Road, Suite 11
Sandwich, MA 02563
(508) 348-9030
Dated: July 2, 2026                    rht@tomlinsonlaw.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on July 2, 2026, a copy of the foregoing was served via the Court's CM/ECF system or by first class mail, postage prepaid, or by electronic notice, on the Standing Chapter 13 Trustee and her counsel, and on the Debtor's counsel, at the addresses below.


Carolyn A. Bankowski, Esq.
Patricia A. Remer, Esq.
Office of the Chapter 13 Trustee,
PO Box 8250
Boston, MA 02114
13trustee@ch13boston.com

Peter M. Daigle, Esq.
Vicki L. Mitchell, Esq.
The Law Office of Peter M. Daigle, P.C.
1550 Falmouth Road, Suite 10
Centerville, MA 02632
pdaigle@daiglelawoffice.com
vmitchell@daiglelawoffice.com


Steven Surabian
1198 Route 28, Unit E
South Yarmouth, MA 02664

By: */s/ Raymond H. Tomlinson, Jr.*
Raymond H. Tomlinson, Jr., Esq.